IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:21-cv-346

| | |
|---|---|
| JAMES MAIN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DELTA MOLD, INC., )<br>)<br>Defendant. )<br>) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. James Main ("Plaintiff" or "Main") enjoyed a long and storied career with Delta Mold, Inc. ("Defendant" or the "Company"). He began working there in 1995. Main excelled in his role, and everyone in his shop knew and respected him.

2. In 2018 Main began to suffer from prostate and kidney issues, putting him out of work for several months. When he returned in or around February 2019, Main began to hear comments from management about his age and health. The Company asked him when he was going to retire. Main had no intention of retiring, and he said as much to the Company.

3. Several months later, the Company fired Main and told him that it eliminated his position as a mold maker, despite mold-making being at the very center of the Company's business. Shortly after the termination, Main discovered the Company was advertising job openings for Mold Makers.

1

4. Plaintiff now turns to this Court to be made whole for his harms and losses. Plaintiff brings this action against the Defendant for Wrongful Discharge in violation of North Carolina Public Policy (Count I), violations of the Americans with Disabilities Act (Count II), and the Age Discrimination in Employment Act (Count III),

## II. PARTIES, JURISDICTION AND VENUE

5. Plaintiff resides in Union, North Carolina

6. Defendant Delta Mold, Inc. is a Michigan Company, headquartered in North Carolina with its registered office located at 9415 Stockport Place, Charlotte North Carolina 28273-4564.

7. The events giving rise to this Complaint took place in Mecklenburg County, North Carolina.

8. Plaintiff worked for Defendant at its Charlotte, North Carolina location in Mecklenburg County.

9. Venue is proper in the Western District of North Carolina, Charlotte, because: Delta Mold, Inc. has a substantial presence in Charlotte, North Carolina and conducts a great deal of business in Charlotte. At all relevant times, Plaintiff worked out of the 9415 Stockport Place Charlotte, NC 28273-4564 location and the facts and circumstances of the case arise in Charlotte.

## III. FACTUAL STATEMENT

10. Main began his time with the Company as a Mold Builder in 1995. Main loved his job and planned to one day retire from the Company. He couldn't imagine himself anywhere else.

11. In late 2018, Main began experiencing issues with his prostate that led to several severe health challenges, including a diagnosis for kidney stones.

12. In January 2019, Main underwent surgery to alleviate the problem. The surgery unfortunately led to septic shock. Because of this, Main was out of work for approximately three months due to this disability.

13. Upon his return, Main began to receive numerous comments about his age. In or around March 2019, Jim Chapman, a General Manager at the Company, told Main that he was "surprised you're [Main] still here at your age."

14. Main's boss, Brian Moore, began to inquire about when Main would "retire and enjoy life." Main, however, had no intentions of retiring, and he told that to Moore.

15. On September 27, 2019, the Company terminated Main's employment, citing an alleged position elimination.

16. But the alleged elimination only affected one Mold Maker, Jim Main. Shortly after the termination, Main discovered the Company was advertising job openings for Mold Makers. The advertisement asked for only five years experience. Main had twenty-five years of experience with the Company. The Company's advertisements described the Company as a "steadily growing company."

17. By selecting Main for termination and no one else, it chose to fire Main, who was 72-years-old at the time and retain his significantly younger peers and coworkers.

18. After Main's termination, the Company also advertised for Mold Designers.

19. On March 19, 2020, Main filed a charge of discrimination with the Equal Employment Opportunity Commission.

20. On April 16, 2021, Main received his Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

## IV. LEGAL CLAIMS

### Count I

***(Wrongful Discharge in Violation of North Carolina Public Policy)***

21. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

22. Plaintiff was an at-will employee of Defendants.

23. Defendants employed at least fifteen (15) employees at all relevant times.

24. The public policy of North Carolina, codified in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2(a) seeks to protect and safeguard the opportunity and right of all individuals to "seek, obtain, and hold employment without discrimination" on the basis of age or disability ("handicap").

25. Defendant violated the public policy of North Carolina by terminating Plaintiff on the basis of his age and disability (or "handicap").

26. Defendants further violated the public policy of North Carolina by terminating Plaintiff because Defendant regarded Plaintiff as having a physical or mental impairment which substantially limits one or more major life activities.

27. Plaintiff qualified as an individual with a disability in that he was actually disabled/ handicapped and was perceived as such.

28. Defendant violated North Carolina public policy by terminating Plaintiff because of his age, and actual or perceived disability and/or handicap.

29. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost back and front pay, lost benefits, diminution in his earning capacity, severe emotional distress, damage to his reputation, anxiety, depression, embarrassment, humiliation, and his peace of mind has been disturbed.

30. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendant's officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive Damages.

## Count II
(*Violation of the Americans with Disabilities Act*)

31. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

32. Plaintiff was was disabled in that he had physical impairments that substantially limited one or more major life activities, including but not limited to his ability to work and perform physical enduring tasks for a certain period of time. Plaintiff's condition limited the following major life activities and/or bodily functions, including but not limited to: lifting and working.

33. Defendant otherwise regarded Plaintiff as disabled at the time of his termination.

34. Plaintiff suffered an adverse employment action when Defendant terminated him employment on the basis of his disabilities and/or in retaliation for receiving or requesting a reasonable accommodation (medical leave).

35. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and his peace of mind has been disturbed.

36. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendant's officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

## Count III
### (*Violation of the Age Discrimination in Employment Act*)

37. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

38. Plaintiff is, and at all relevant times was, an employee covered by the protections of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. Seq. ("ADEA").

39. Defendants employed at least 20 employees and was engaged in commerce at all relevant times.

40. Plaintiff was a 72-year old employee at the time of his termination.

41. Plaintiff was qualified for his position at all relevant times. Defendant treated Plaintiff disparately in relation to his similarly situated peers that were under the age of 40 and/or significantly younger than Plaintiff.

42. Defendant's explanation for Plaintiff's termination amounts to pretext for unlawful

age discrimination.

43. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost back and front pay, lost benefits, and other consequential damages.

44. Defendant's action were done willfully and in a manner that demonstrates reckless disregard for Plaintiff's rights under the ADEA. As a result of Defendant's conduct, Plaintiff is entitled to recover liquidated damages.

## **JURY TRIAL DEMANDED**

WHEREFORE, the Plaintiff prays the Court to:

1. Enter a judgment against Defendant and order Defendant to pay Plaintiff damages for all harms and losses;

2. Award Plaintiff punitive damages;

3. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

4. Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances; and

5. Grant Plaintiff a trial of this matter by a jury.

This is the 15th day of July, 2021

/s/ Sean F. Herrmann
Sean F. Herrmann
North Carolina Bar No. 44453
Kevin P. Murphy
North Carolina Bar No. 41467
Herrmann & Murphy, PLLC
1712 Euclid Avenue
Charlotte, North Carolina 28203
Phone: 704-940-6399
Fax: 704-940-6407
Email: kevin@herrmannmurphy.com
Email: sean@herrmannmurphy.com

*Attorneys for Plaintiff*